Gillette *v.* Ballard.

---

GILLETTE, appellant, and BALLARD, respondent.

| 27 | 489 |
|----|-----|
| 54 | 103 |

1. An agreement resulting from an offer made by B, and accepted by G, in the following terms: "I will lend you $5000, without interest, and will aid you in every way possible; will attend to your finances and books, and help you all I can, if you will give me the choice of rooms, and board for myself and family," &c., *held* to be not usurious, either on its face or upon the testimony.

2. A chattel mortgage given to secure the $5000, and calling for interest thereon, while B was receiving compensation for its use under the original agreement, *held* not to be usurious, it appearing that the mortgage had been so drawn through inadvertence, and not as the result of a corrupt agreement.

Gillette *v.* Ballard.

Appeal from a decree made in accordance with the opinion of the Vice-Chancellor, reported in 10 *C. E. Green* 491.

*Mr. McCarter*, for appellant.

*Mr. Pitney*, for respondent.

The opinion of the court was delivered by

WOODHULL, J.

The complainant below, who is the appellant in this court, filed his bill to restrain the enforcement of a chattel mortgage executed by him to the respondent, alleging that it had been given to secure a usurious loan. The cause having been heard by the Vice-Chancellor, upon the pleadings and the oral testimony of witnesses, the complainant's bill was dismissed, the Vice-Chancellor holding in his advisory opinion, that the complainant's suit could stand only on the ground of a usurious agreement, and that the evidence in the case failed to show any agreement of that character. It is insisted on the part of the appellant, that all the terms of the alleged usurious bargain are contained in a letter sent by Ballard to Gillette, December 17th, 1870, in response to a contemplated purchase by the latter of the furniture and fixtures of the Continental Hotel, in Newark. Gillette and Ballard were at that time, and had been for several years, on terms of intimate friendship. Gillette, who was keeping a hotel in Buffalo, had recently visited Ballard, at his home in Newark. While there, the matter of this purchase had been talked over between them, and either at that time or afterwards, by letter, Gillette had proposed a partnership in the hotel, between himself and Ballard. The letter referred to, after stating the terms on which the hotel could be obtained, proceeds as follows : " As to my going into the thing as a partner, why, I would rather not do so ; I am satisfied that there is a splendid chance for one to make money out of it, but it would not be as well for either of us to split it up, and divide the profits. I'll tell you what I will do. I will lend you five thousand dollars, without interest, and will aid you in every way possible ; will attend to your

finances and books, and help you all I can, if you will give me the choice of rooms, and board for myself and family. And if it also becomes necessary to get more furniture for other rooms, (and of course it will,) why, I'll go security for them; in fact, you know enough of me to know what I would do for you when required. This, I think, will make much more money for you than if I was a partner. Don't look at this in anything but a business point of view, and decide according to your convictions."

It is insisted for the appellant, that the offer made by Ballard in this letter was accepted by Gillette, precisely in the form in which it was made, and that the contract or agreement thus concluded between the parties is, on its face, necessarily usurious.

Conceding to the appellant's counsel the first part of his insistment, and assuming that the terms of the final agreement were in no respect different from those which appear in the letter of December 20th, I am still as far as possible from assenting to the proposition that the agreement thus disclosed is, *per se*, usurious.

The argument advanced in support of this proposition seems to me to involve substantially a begging of the question. It proceeds upon the assumption that the plain, if not the self-evident, intention of the parties to this agreement was, that Gillette should furnish, and that Ballard should receive, the board, lodging, &c., of himself and family, simply and only by way of compensation for the use of the $5000; whereas, in truth, the agreement was that for the board, &c., furnished by Gillette, he was to have as his compensation, not merely the use of the $5000, but in addition to that, was to receive from Ballard certain specified services, which, for anything we can possibly know to the contrary, may have been worth more to Gillette than the board, lodging, and entertainment furnished to Ballard and his family would have amounted to at the ordinary rates.

It was further insisted for the appellant, that even if the original loan was not usurious, still the mortgage must be held

to be so, because it calls for interest on the $5000, while Ballard was receiving compensation for its use under the original agreement.    It appears clearly from the testimony, however, that this was not the result of a corrupt agreement, nor of any contrivance to evade the statute.    It was not the intention of anybody to reserve illegal interest on this mortgage.    See *Muir* v. *The Newark Savings Institution and others*, 1 *C. E. Green* 537.    The mortgage was not drawn so as to carry interest, with the consent, nor by the procurement of Ballard.    Instead of claiming, or desiring to obtain any advantage from this interest clause, he repudiates it as the result of inadvertence on the part of Gillette's agent, who drew the mortgage.    The decree ought not to be reversed on this ground.

With respect to the true character of the arrangement between these parties, and the advantages shown by the testimony to have accrued from it to the appellant, I fully concur in the conclusions reached by the Vice-Chancellor.

The decree appealed from is affirmed, with costs.

Decree unanimously affirmed.